UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS INC., <br><br> Plaintiff, <br><br> -against- <br><br> VCG SPECIAL OPPORTUNITIES MASTER FUND LIMITED f/k/a CDO Plus Master Fund Limited, <br><br> Defendant. | No. 08 CV 5520 (BSJ)(KNF) <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant VCG Special Opportunities Master Fund Limited f/k/a CDO Plus Master Fund Limited ("VCG"), through its attorneys, answers the Verified Complaint in this action as follows:

1. Admits that Plaintiff purports to summarize its claim, but denies that the claim has merit.

2. Admits that it initiated an (i) arbitration against Plaintiff before the Financial Industry Regulatory Authority ("FINRA") (the "Arbitration"), and respectfully refers the Court to VCG's May 1, 2008 Statement of Claim, attached as Exhibit E to Plaintiff's Complaint, for a complete recitation of its contents, and (ii) action against Citibank, N.A. in this Court (the "SDNY Action") and respectfully refers the Court to VCG's February 14, 2008 complaint, attached as Exhibit B to Plaintiff's Complaint, for a complete recitation of its contents. VCG denies that the Arbitration and SDNY Action seek redress for the same harms committed by the same entities.

3. Denies the allegations in paragraph 3 of the Complaint, and respectfully refers the Court to VCG's May 1, 2008 Statement of Claim for a complete recitation of its contents.

4. Denies the allegations in paragraph 4 of the Complaint.

5. Denies the allegations in paragraph 5 of the Complaint.

6. Denies the allegations in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 7 of the Complaint.

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Admits the allegations in paragraph 9 of the Complaint.

10. Admits the allegations in paragraph 10 of the Complaint.

11. Admits that it is a hedge fund that has entered into two credit default swaps, but otherwise denies the allegations of paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of the Complaint set forth legal conclusions and require no response.

13. The allegation in paragraph 13 of the Complaint sets forth a legal conclusion and requires no response.

14. Denies the allegations in paragraph 14 of the Complaint.

15. Admits the allegations in paragraph 15 of the Complaint.

16. With respect to the allegations contained in paragraph 16 of the Complaint, admits that Plaintiff and VCG entered into a Prime Brokerage Agreement, and respectfully refers the Court to that agreement for its terms and conditions.

17. With respect to the allegations contained in paragraph 17 of the Complaint, admits that Citibank N.A. and VCG entered into an International Swaps and Derivative Association, Inc. Master Agreement, and respectfully refers the Court to that agreement for its terms and conditions.

18.  Denies the allegation in the first sentence of paragraph 18 of the Complaint. Admits the allegation in the second sentence of paragraph of 18 of the Complaint.

19.  Admits the allegations in paragraph 19 of the Complaint.

20.  Admits the allegations in paragraph 20 of the Complaint.

21.  Denies the allegations in paragraph 21 of the Complaint, except admits that VCG and Citibank, N.A. executed the 2002 version of the Master Agreement of the International Swap Dealers Association ("ISDA"), dated as of September 1, 2006 (the "ISDA Agreement"), the Schedule to the ISDA Master Agreement, also dated as of September 1, 2006, the 1994 ISDA Credit Support Annex, and the Confirmation Letter by Citibank, N.A., dated July 5, 2007.

22.  With respect to the allegations contained in paragraph 22 of the Complaint, admits that Citibank N.A. and VCG entered into a credit default swap contract, and respectfully refers the Court to that contract for a complete recitation of its terms and conditions.

23.  Denies the allegations in paragraph 23 of the Complaint.

24.  Admits that Citibank N.A. transmitted a purported "Floating Amount Event Notice" on or about January 9, 2008, but otherwise denies the allegations in paragraph 24 of the Complaint.

25.  Denies the allegations in paragraph 25 of the Complaint, except admits that VCG disputed that it owed Citibank, N.A. any Floating Payments at the time.

26.  Admits that Citibank N.A. transmitted a purported "Notice of Default and Early Termination," but otherwise denies the allegations in paragraph 26 of the Complaint.

27.  Admits that Citibank N.A. transmitted a purported "Notice of Setoff," but otherwise denies the allegations in paragraph 27 of the Complaint.

28. Denies that it owed any money to Citibank, N.A., and admits that it commenced the SDNY Action because of, *inter alia*, Citibank N.A.'s improper demand and taking from VCG of a total of $9,960,000 of collateral for the $10,000,000 CDS, based upon an erroneous reading of the swap transaction documents, and Citibank N.A.'s unreasonable demand for and retention of those sums by declaring a credit default and notifying VCG that it would be required to remit the entire amount of the swap.

29. With respect to the allegations contained in paragraph 29 of the Complaint, admits that it initiated the SDNY Action, and respectfully refers the Court to its complaint for a complete recitation of its contents.

30. Admits that Citibank N.A. answered its complaint in the SDNY Action and asserted a counterclaim, but denies that the counterclaim has any merit.

31. Admits the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint, except admits that it initiated the Arbitration, properly venued in Boca Raton, Florida, and respectfully refers the Court to its May 1, 2008 Statement of Claim for a complete recitation of its contents.

33. Admits that it initiated the Arbitration and respectfully refers the Court to its May 1, 2008 Statement of Claim for a complete recitation of its contents.

34. Admits that it has extended Plaintiff's time to respond to its Statement of Claim in the Arbitration, and to stay all other events and deadlines in the Arbitration, pending the resolution of Plaintiff's Motion for Preliminary Injunction (the "Motion"). In the event VCG prevails on the Motion, Plaintiff will have at least two weeks after the decision so holding to file its response to VCG's Statement of Claim

35. Repeats and realleges its responses to paragraphs 1 through 34 of the Complaint as if set forth at length herein.

36. The allegations in paragraph 36 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. The allegations in paragraph 37 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Repeats and realleges its responses to paragraphs 1 through 37 of the Complaint as if set forth at length herein.

39. The allegations in paragraph 39 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. The allegations in paragraph 40 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendant denies the allegations contained in paragraph 40 of the Complaint.

WHEREFORE, Defendant denies all allegations set forth in the Complaint that have not been expressly answered above, denies that Plaintiff is entitled to any relief whatsoever, and respectfully requests judgment dismissing Plaintiff's Complaint with prejudice and with such costs and attorneys' fees as may be allowed by law, and any further legal and equitable relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof or persuasion as to such defenses that would otherwise rest on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands and bad faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of its fraud.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its breaches of FIRNA Conduct Rules.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it is obligated to arbitrate its customer's (*i.e.*, VCG's) dispute pursuant to the FINRA Code of Arbitration Procedure for Customer Disputes.

### DEFENSES RESERVED

The foregoing affirmative defenses are raised by Defendant without waiver of any other defenses that may come to light during the discovery proceedings in this case or otherwise. Defendant hereby reserves the right to amend or supplement its Answer to assert any other related defenses as they become available.

Dated: New York, New York
July 28, 2008

DREIER LLP

By: _____
Joshua H. Epstein (JE 2187)
Alan S. Gruber (AG 3086)
499 Park Avenue
New York, New York 10022
(212) 328-6100
jepstein@dreierllp.com
agruber@dreierllp.com

*Attorneys for Defendant*