UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
CITIGROUP GLOBAL MARKETS INC.,       :
                                     :
                    Plaintiff,       :    08-CV-5520 (BSJ)
                                     :
         -v-                         :    OPINION AND ORDER
                                     :
VCG SPECIAL OPPORTUNITIES MASTER     :
FUND LIMITED f/k/a CDO PLUS MASTER   :
FUND LIMITED,                        :
                                     :
                    Defendant.       :
                                     X
------------------------------------

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/09

    Defendant VCG Special Opportunities Master Fund Limited f/k/a/ CDO Plus Master Fund Limited ("VCG") moves the Court for reconsideration of its November 12, 2008 Opinion and Order ("Opinion"). The Court DENIES this motion.

## BACKGROUND

    This case arises out of a credit default swap between Defendant VCG and Citibank. In earlier proceedings, the Court dismissed VCG's claims against Citibank and entered judgment on the pleadings in Citibank's favor. Subsequently, VCG filed a Financial Industry Regulatory Authority ("FINRA") arbitration against a Citibank affiliate, the Plaintiff Citigroup Global Markets, Inc.

("CGMI"). CGMI brought the above-captioned action and filed a motion for a preliminary injunction enjoining VCG from proceeding with the FINRA arbitration.

On November 12, 2008, the Court granted CGMI's motion for preliminary injunction, enjoining VCG from proceeding with the FINRA arbitration against CGMI, pending the outcome of this action.

**DISCUSSION**

I. Motion for Reconsideration

A. Standard of Review

According to Local Civil Rule 6.3, reconsideration is warranted only on "matters or controlling decisions" that "the court has overlooked." S.D.N.Y. Local Civ. R. 6.3; see also Nat'l Cong. for Puerto Rican Rights v. City of N.Y., 191 F.R.D. 52, 53 (S.D.N.Y. 1999) ("Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must demonstrate that the Court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." (internal quotation marks omitted)). "Local Rule 6.3 should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Saenz v. Lucas, No. 07 Civ. 10534, 2008 WL 4222916, at *2 (S.D.N.Y. Sept. 12, 2008) (quoting Dellefave v. Access Temporaries, Inc.,

2

No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)); see also Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 399-400 (2d Cir. 2000). "Whether to grant or deny a motion for reconsideration . . . is in the sound discretion of a district court judge." Greenwald v. Orb Commc'ns & Mktg., Inc., No. 00 Civ. 1939, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (internal quotation marks and citation omitted).

B.  VCG's Arguments for Reconsideration

VCG makes three arguments for reconsideration: 1) that the Court ignored the presumption in favor of construing arbitration agreements to favor arbitration; 2) that the Court did not properly consider the law and evidence regarding VCG's purported "customer" status; and 3) that the Court's ruling is inconsistent with the Supreme Court's ruling in Winter v. Natural Resources Defense Council, _U.S._, 129 S.Ct. 365 (2008).

VCG's first two arguments were already presented and taken into consideration in the Court's November 12, 2008 Opinion.  Therefore, they do not provide proper bases for reconsideration.

VCG's third argument concerns new development in the law.  This development, however, was not "overlooked"; nor

3

does it shed new light on anything relied upon or decided in the Court's November 12, 2008 Opinion.

In Winter, the Supreme Court held that a mere "possibility" of harm is insufficient to justify injunctive relief. In its earlier Opinion, this Court did not make any findings under a contrary or incompatible standard. The Court stated that, in addition to the other requirements for issuing a preliminary injunction, "the moving party must show irreparable harm absent injunctive relief." (quotations omitted) (citing Almontaser v. N.Y. City Dep't of Educ., 519 F.3d 505, 508 (2d Cir. 2008). The Court then found that, "[w]hether CGMI has sustained its burden of proving irreparable harm cannot be seriously disputed." Nowhere did the Court find that this burden was satisfied by a showing of a mere "possibility" of harm, as in the Winter case. The Court instead noted that, "[c]ompelling arbitration of a matter not properly subject to arbitration constitutes 'per se irreparable harm'" (citations omitted). The Court was not convinced that this matter was "properly subject to arbitration." Were the Court to have nevertheless permitted arbitration to go forward, the chance of "irreparable harm" would have risen far above "mere possibility," as in Winter, and would have been, at the very least, "likely." This was the Court's

4

reasoning on November 12, 2008. Nothing in the Supreme Court's ruling in Winter recommends the reconsideration of this reasoning.

**CONCLUSION**

VCG has presented no new "matters or controlling decisions" that "the court has overlooked." S.D.N.Y. Local Civ. R. 6.3. The motion for reconsideration is therefore DENIED.

**SO ORDERED:**

_____
**Barbara S. Jones**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         May 29, 2009